

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-3208
Re: Would the Texas Liquor Control
Board have the authority to au-
thorize the medicinal pharmacy
permit to be moved from Level-
land, Texas, in commissioners'
precinct No. 2 to the unincor-
porated town of Sundown also
located in commissioners' pre-
cinct No. 2 under the facts
stated?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"This inquiry is relative to the moving of
a Medicinal Pharmacy permit from Justice Pre-
cinct No. 5, Hockley County, Texas, which is
also Commissioners Precinct No. 2, in Levelland
to Sundown, Texas. Sundown, Texas, is in Com-
missioners Precinct No. 2 and also Justice
Precinct No. 2, and is an unincorporated town.

"Would the Texas Liquor Control Board have
the authority to authorize this permit to be
moved from Levelland, Texas, in Commissioners
Precinct No. 2 to the unincorporated town of
Sundown also located in Commissioners Precinct
No. 2?

". . . ."

Subdivision 18, Section 15 of Article 1 of the Liquor
Control Act (Article 666-15, Vernon's Annotated Penal Code)
reads as follows:

"Medicinal Permits. Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes only. The holders of such permits are authorized to purchase liquor from holders of wholesaler's permits in this State. Any pharmacy for which a permit is sought must be a bona fide pharmacy registered with the State Board of Pharmacy; must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the particular political subdivision in which a permit is sought.

". . ."

Section 10 of Article 1 of the Texas Liquor Control Act (Article 666-10, Vernon's Annotated Penal Code) reads in part as follows:

"Every applicant for a Pharmacist's Medicinal, . . . under this Act shall give notice of such application by publication for two (2) consecutive issues in a newspaper of general circulation published in the city or town in which applicant's place of business is located. Provided, however, that in such instances where no newspaper is published in the city or town, then the same shall be published in a newspaper of general circulation published in the county where the applicant's business is located, and if no newspaper is published in the county, the notice shall be published in a qualified newspaper which is published in the closest neighboring county and circulated in the county of applicant's residence. Such notice shall be printed in ten (10) point black face type and shall set forth the type of permit to be applied for, the exact location of the place of business, the name of the owner or owners thereof, and if operating under an

assumed name, the trade name together with
the names of all owners, and if a corporation,
the names and titles of all officers. The
cost of such notice shall be borne by the
applicant."

After carefully considering Article 1 of the Liquor
Control Act, we find that justice precincts and incorporated
cities or towns are the only political subdivisions of a
county which are referred to in said act. The act does not
include a commissioners' precinct as a political subdivision
with reference to Section 1 of the Texas Liquor Control Act.

We quote from our opinion No. O-1111 as follows:

"The Liquor Control Act is restrictive.
The evident purpose of the provisions with
reference to pharmacy permits is to limit those
eligible for the permit so as to protect the
particular community from being flooded with
mushroom pharmacies dispensing liquor under
liquor permits. The quotation above from
Section 10 of the Act evidences that the Legis-
lature had in mind incorporated cities and
precincts as political subdivisions of the
State.

"In view of the quoted provisions and
the evident purpose of the Act, it is our
opinion that the Legislature, by the language,
'particular political subdivision', meant the
particular subdivision in which the business
is located at the time the application is
made, and that if that business is located
within an incorporated city, then the pharmacy
must have been in operation within the incor-
porated city for a period of two years.

"In our opinion, the phrase used does not
refer to the county as the particular political
subdivision, but it does refer to the city or
the precinct in which the business is located
and has been operated for a period of two
years."

As the above mentioned opinion was addressed to you we do not enclose a copy of the same herewith.

Under the facts stated in your inquiry, it is shown that the medicinal pharmacy permit is to be removed from justice precinct No. 5 in Hockley County, Texas, to justice precinct No. 2 of said county, both of said justice precincts being in commissioners' precinct No. 2. In other words, the medicinal pharmacy permit is to be removed from one justice precinct to another justice precinct which are located in the same commissioners' precinct. We believe that the moving of the medicinal pharmacy permit in the manner above stated would be to move the same from one particular political subdivision to another political subdivision of the county and would be in violation of subsection 18 of Article 1 of the Liquor Control Act, above quoted. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Ardell Williams
Ardell Williams
Assistant

AW:GO

APPROVED MAR. 15, 1941
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B.W.B. CHAIRMAN